UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE CONLEY, NANCY CONLEY,
Individually and NANCY CONLEY    Case No. 11-11205
as NEXT FRIEND OF J. C., a Minor
                                 Hon. Sean F. Cox

       Plaintiffs

v.

MLT, INC., a Minnesota corporation,
DIAMOND HOTELS COZUMEL S.A.
de C.V., a foreign corporation, HOLIDAY
VILLAGE WHITE SANDS S.A., a foreign
corporation, OCCIDENTAL HOTELS
MANAGEMENT B.V., a foreign corporation,
OCCIDENTAL HOTELES MANAGEMENT,
S.L., a foreign corporation, and ALLEGRO
RESORTS MARKETING CORPORATION,
a Florida corporation

       Defendants,
_____/
LAW OFFICES OF BENNER & FORAN
BRIAN J. BENNER (25239)
NANCY SAVAGEAU (P56546)
Attorneys for Plaintiffs
28116 Orchard Lake Road
Farmington Hills, MI 48334
248-737-5544

_____/

**FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY**

   NOW COME Plaintiffs, Steve Conley, Nancy Conley, Individually, and J. C. by his Next

1

Friend, Nancy Conley, by and through their attorneys, BENNER & FORAN, and against defendants, MLT, Inc. Diamond Hotels Cozumel S.A. de C.V., Holiday Village White Sands S. A., Occidental Hotels Management B.V., Occidental Hoteles Management, S. L. and Allegro Resorts Marketing Corporation, complain as follows:

## SUBJECT MATTER JURISDICTION

1. This is an action for damages arising out of an incident which occurred on or about April 11, 2009, when the plaintiffs were registered guests at Diamond Hotels Cozumel and/or Holiday Village, Cozumel, Mexico, in the course of a vacation package sold to them by the defendants.

2. The amount in controversy exceeds the sum of $75,000.00; and jurisdiction of this action is founded upon diversity of citizenship, 28 U.S.C. §1332.

## PARTIES

3. That at all times material hereto, plaintiff, J. C., by his duly appointed Next Friend, Nancy Conley, is a resident of the Township of Canton, County of Wayne, State of Michigan.

4. That at all times material hereto, plaintiff Steve Conley is the natural father of J. C. and is a resident of the Township of Canton, County of Wayne, State of Michigan.

5. That at all times material hereto, plaintiff, Nancy Conley is the natural mother of J. C. and is a resident of the Township of Canton, County of Wayne, State of Michigan.

6. That at all times material hereto, Defendant, MLT, Inc. (Hereinafter "MLT") is a foreign corporation conducting business from its corporate headquarters in the state of Minnesota selling travel vacation tours to include accommodations and transportation to local travel

agents in the state of Michigan, who then sold these trips to Plaintiffs. In addition, in the course of doing so, MLT acted as the agent of Allegro Resorts Marketing Corporation, Occidental Hotels Management B.V., and ultimately Diamond Hotels Cozumel S. A. De C. V. and/or Holiday Village White Sands S. A. by advertising and reserving rooms at the facility in Cozumel, Mexico and selling them to local travel agents in the State of Michigan.

7. That at all times mentioned herein, Defendant, Allegro Resorts Marketing Corporation, (hereinafter "Allegro"), is a Florida corporation. Defendant Allegro, upon information and belief, is a fully owned subsidiary of Occidental and handles 100% of the U. S. marketing and sales of all-inclusive vacation packages for the Occidental Hotels and Resorts chain, including those in Cozumel, Mexico.

8. That at all times mentioned herein, Occidental Hotels Management B.V., (hereinafter "Occidental B. V.") is a corporation doing business from its corporate headquarters in the country of Spain as a franchisor of the Diamond Hotels Cozumel S. A. de C.V. and/or Holiday Village White Sands S.A. for purposes of maintaining the operational standards, the advertising and total control of the operation of Diamond Hotels Cozumel S. A. de C. V. and/or Holiday Village White Sands S. A. and acting as agent of Diamond Hotels Cozumel S. A. de C. V. and/or Holiday Village White Sands S. A. by marketing these trips in Michigan and other locations by and through their agents Occidental, Allegro and MLT.

9. That at all times mentioned herein, Occidental Hoteles Management, S.L., (hereinafter "Occidental S.L.") is a corporation doing business from its corporate headquarters in the

3

country of Spain and as franchisor of the Diamond Hotels Cozumel S. A. De C.V. and/or Holiday Village White Sands S.A. for purposes of maintaining the operational standards, the advertising and total control of the operation of Diamond Hotels Cozumel S. A. de C. V. And/or Holiday Village White Sands S. A. by marketing these trips in Michigan by and their agents Occidental, Allegro and MLT.

10. Defendant, Diamond Hotels Cozumel S. A. de C.V. d/b/a Occidental Allegro Cozumel (hereinafter "Diamond Hotels Cozumel") , is at all relevant times and upon information and belief, a Mexican corporation which owns and/or manages the subject resort, which at all relevant times is a part of the Occidental Hotel and Resorts chain of international resorts which are located throughout the world.

11. Defendant, Holiday Village White Sands S.A., d/b/a Occidental Allegro Cozumel, (hereinafter "Holiday Village"), is at all relevant times and upon information and belief, a Mexican corporation which owns and/or manages the subject resort, which at all relevant times is a part of the Occidental Hotel and Resorts chain of international resorts which are located throughout the world.

## VENUE

12. The Defendants named in the immediately preceding five paragraphs (hereinafter collectively "Occidental Hotels and Resorts Defendants") at all relevant times, own, operate, manage and market the Occidental Hotels and Resorts chain or resorts and/or sold the Plaintiffs a vacation place to the Diamond Hotels Cozumel and/or Holiday Village (hereinafter "the subject resort") and otherwise do business in the state of Michigan and elsewhere in the United States, either directly or through actual or apparent

4

agents or alter egos, and/or undisclosed principals, as more fully alleged elsewhere in the complaint and collectively use the name "Occidental Hotels and Resorts". Each has an agent in Troy, Michigan, so that venue is proper.

## PERSONAL JURISDICTION

13. All the Occidental Hotels and Resorts Defendants and MLT, at all times relevant to this lawsuit, were real and/or apparent agents or alter egos and/or undisclosed principal of each other. The Occidental Hotels and Resorts Defendants were all dominated and controlled by the same persons and/or corporations and/or were acting or participating as a joint and/or common venture or operation to the extent that each, and all, of them should be held vicariously liable for the acts of the other and/or their agents and employees. Furthermore, each and every one of these Occidental Hotels and Resorts defendants were acting as agents of undisclosed principals, namely, each and every other of the Occidental Hotels and Resorts defendants.

14. At all relevant times, there was in full force and effect a subsection of the State of Michigan's specific personal jurisdiction long-arm statute, MCL §600.715 which provides in pertinent part

> "The existence of any of the following relationship between a corporation or its agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such courts to render personal judgments against such corporation arising out of the act or acts which create any of the following relationships:
>
> (1) The transaction of any business within the state..."

15. MCL §600.715(1) provides a sufficient basis for exercising personal jurisdiction over the

      Mexican Occidental Hotels and Resorts Defendants, who, at all relevant times, upon information and belief, entered into an exclusive agreement with Defendants Occidental and Allegro concerning all-inclusive vacation packages. This agreement authorized Defendant Occidental and Allegro to act, and Occidental and Allegro continuously and systemically did act, as the Mexican Occidental Hotels and Resorts Defendants' exclusive agents in and from the United States to market, advertise and sell all-inclusive vacation packages to customers in and from Michigan and elsewhere in the U. S., and to bind the Mexican Occidental Hotels and Resorts Defendants to such obligation(s) without Occidental and Allegro first having to confirm with the Mexican Occidental Hotels and Resorts Defendants. Occidental, Allegro and MLT acting as the Mexican Occidental Hotels and Resorts Defendants' agents, continuously and systematically sold vacation packages in Michigan, including the subject vacation package. Therefore, the Mexican Occidental Hotels and Resorts Defendants either directly or through an agent (i.e., Occidental, Allegro and MLT), transacted business within the state of Michigan and were within the requirement of MCL §600.715.

16.    That the Mexican Occidental Hotels and Resorts Defendants made a deliberate business decision to obtain virtually their entire customer base from the United States in general and Michigan in particular through Occidental, Allegro and MLT rather than from the Mexican Occidentals Hotels and Resorts own activities in and from Mexico; and in furtherance of that business objective, the Mexican Occidental Hotels and Resorts Defendants consciously, deliberately and purposefully chose to undertake a business model and course of dealing through Occidental, Allegro, MTL and Michigan travel

agencies to draw customers from Michigan whereby the Mexican Occidental Hotels and Resorts Defendants deliberately chose to reach into the United States in general and Michigan in particularly for nearly all of its customers as opposed to confining their business activities to Mexico. The sale of the subject vacation package to plaintiffs and their participation in it, was proximately caused by the Mexican Occidental Hotels and Resorts Defendants' deliberate reaching into the U. S. and Michigan in particular for virtually all of its marketing, sales and customers as opposed to confining its business development, marketing and sales activities to Mexico, which instead were carried out almost exclusively in the U. S. I general and Michigan in particular by Occidental, Allegro and MLT as the Mexican Occidental Hotels and Resorts Defendants' agents; and the plaintiffs are also suing the defendants for supplying material misrepresentations about the subject vacation package in and from Michigan to the plaintiffs and to other actual and prospective customers elsewhere in the U. S. And here in Michigan, from where the subject vacation package provided to the plaintiffs was marketed and sold and for breaching legal duties arising from the sale of the vacation package itself in Michigan. Therefore, the Defendants are subject to personal jurisdiction of this court pursuant to MCL §600.715(1).

17. Additionally, at all relevant times, there was in full force and effect another subsection of the State of Michigan's specific long-arm statute, §600.715(2), which provides in pertinent part that:

> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.

18. MCL §600.715(2) provides a sufficient basis for exercising personal jurisdiction

over the Mexican Occidental Hotels and Resorts Defendants because at all relevant times, the defendants continuously and systematically introduced misrepresentations into and from Michigan and/or failed to warn customers in and from here, about the characteristic and safety of the subject all-inclusive vacation package, by supplying misrepresentations and mis-information to Occidental, Allegro and MLT which acting as the Mexican Occidental Hotels and Resorts Defendants' exclusive marketing and sales agent in Michigan, continuously and systematically disseminated those misrepresentations and vacation package descriptions lacking essential safety information to persons in Michigan and elsewhere in the United States causing plaintiffs to change legal position in the United States by booking the all inclusive vacation package. Plaintiffs' causes of action against the Mexican Occidental Hotels and Resorts defendants were proximately caused by the doing of these acts in and/or from Michigan and elsewhere in the United States (a) because the plaintiffs received the misrepresentations and/or failures to warn in the United States and detrimentally relied upon them and changed positions here and (b) because the plaintiffs are suing the Mexican Occidental Hotels and Resorts defendants, inter alia, for supplying those material misrepresentations and/or mis-information and/or failures to warn and/or from Michigan to the Plaintiffs and/or to Occidental, Allegro and MLT, which acting as agents for the Mexican Occidental Hotels and Resorts Defendants, re-transmitted those misrepresentations and/or mis-information and/or failures to warn to the plaintiffs in and/or from Michigan from where the plaintiffs' vacation package was marketed and sold resulting in detrimental reliance and a resulting change in legal position in the United States by the

plaintiffs and other materially involved in the procurement fo their vacation package. Therefore the Occidental Hotels and Resorts Defendants are subject to personal jurisdiction of this Court pursuant to MCL §600.715(2).

## COUNT I

19. Plaintiffs hereby restate and reallege paragraphs one through eighteen as if fully set forth herein.

20. That the Occidental Hotels and Resort Defendants are the owners, operators and/or control and/or maintain the premises of Diamond Hotels Cozumel and/or Holiday Village located in Cozumel, Mexico.

21. That on or about April 11, 2009, the Plaintiff, J. C., while lawfully on the premises of Diamond Hotels Cozumel and/or Holiday Village in Cozumel, Mexico, was seriously injured when one of the support poles of the hammock he was sitting on broke and fell without warning striking J. C. on the head fracturing his skull and causing a subdural hematoma to develop requiring he be flown by air ambulance from Cozumel, Mexico to Broward County, Florida where he underwent an emergency craniotomy.

22. Contemporaneous to the incident of the hammock pole striking J. C. on the head, Steve Conley and Nancy Conley were present at the scene and suffered irreparable shock upon seeing their child injured.

23. On April 11, 2009, and at all times pertinent hereto, The Occidental Hotels and Resorts Defendants, had a duty to its business invitees and to all persons who lawfully came upon its premises, to take measures so as not to cause an unreasonable risk of injury to its business invitees and others who lawfully came upon its premises.

24. The Occidental Hotels and Resorts Defendants, negligently and carelessly breached its duty as aforesaid in that it:

   A. Negligently, recklessly and/or carelessly failing to properly and adequately inspect the premises for conditions that could present a foreseeable and unreasonable risk of harm to its invitees;

   B. Negligently, recklessly and/or carelessly permitting a hazardous condition to exist upon the premises that presented a foreseeable and unreasonable risk of harm to its invitees;

   C. Negligently, recklessly and/or carelessly permitting an artificial condition to exist upon the premises that presented a foreseeable and unreasonable risk of harm to its invitees;

   D. Negligently, recklessly and/or carelessly failing to provide adequate warnings to its invitees of a potential and foreseeable hazard from a condition on the premises.

   E. Negligently, recklessly and/or carelessly failing to formulate or implement reasonable procedures for inspection and maintenance of the hammock support posts of the premises to insure that the hammock support posts were kept free of unsafe conditions that could pose a foreseeable and unreasonable risk of harm to its invitees;

   F. Negligently, recklessly and/or carelessly failing to properly designate, train and supervise personnel to inspect and maintain the hammock support posts of the premises and keep said hammock support posts free from hazardous conditions;

   G. Other acts of negligence to be determined.

25. That notwithstanding the duties and obligations and as a direct and proximate result of the negligence and carelessness of The Occidental Hotels and Resorts Defendants, through their principals, agents, representatives and/or employees, the aforesaid Plaintiff, Jonathan Conley, was caused to sustain severe and permanent physical injury as set forth above, as well as psychological and emotional anxiety, grief and torment; has and will continue to be caused to expend great sums of money in a effort to seek a cure for his injuries, has and will in the future be prevented from engaging in his usual pursuits and occupations, and has and will in the future be caused to sustain a loss of enjoyment of life.

26. That there was no negligence on the part of the plaintiffs and the conditions were not open and obvious.

27. That as a further direct and proximate result of the acts of negligence and/or omission of the Defendants herein, as aforesaid, plaintiff, J. C., sustained severe, permanent and progressive injuries, including, but not necessarily limited to, skull fractures, subdural hematoma and other injuries to his head, scarring, severe pain, cognitive deficits, emotional distress, all of which have necessitated hospital care and treatment, extensive therapy, use of rehabilitative appliances, medications and other rehabilitative aids.

28. That as a further direct and proximate result of the acts of negligence and/or omission of the Defendants aforesaid, the Plaintiff has been required to incur substantial sums of money for the reasonable and necessary medical care and treatment described above in an attempt to alleviate and cure himself of the pain, discomfort, mental anguish and permanent injuries sustained by him in the hereinbefore described incident, and will

continue to do so in the future.

29. That as a direct and proximate result of the acts of negligence and/or omission of the Defendants, as aforesaid, plaintiff was and will be unable to participate in those activities which a normal healthy individual in the same and similar circumstances could have participated in but for the injuries sustained in the before described incident.

30. That as a direct and proximate result of the aforesaid injuries, Plaintiff has suffered a loss of wages and/or loss of earning capacity, which will continue into the future.

31. That in the event that the plaintiff was suffering from any other medical and/or emotional condition prior to the injury incident of April 11, 2009, then in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing incident herein described.

WHEREFORE, Plaintiffs pray for an award in excess of $75,000.00 for each individual Plaintiff, exclusive of costs, interest and attorney fees.

## COUNT II

32. Plaintiffs restate and reallege paragraphs one through thirty-one as if set forth fully herein.

33. That each of the Defendants is engaged in a trade or commerce governed by the Michigan Consumer Protection Act MCL §445.901 et seq.

34. The conduct of each Defendant as alleged herein, is prohibited under MCL §445.903(1).

35. Specifically, Plaintiffs allege that the Defendants' conduct violated the Michigan Consumer Protection Act in the following manner, including, but not limited to:

   a. Cause a probability of confusion or misunderstanding as to the source, Sponsorship, approval, or certification of goods or services MCL §445.903(1)(a);

    b.    Used deceptive representations or deceptive designations of geographic origin in connection with goods ro services in violation of MCL §445.903(1)(b);

    c.    Represented that goods or services had sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they did nto have or that a person had sponsorship, approval, status, affiliation, or connection that he or she did not have in violation of MCL §445.903(1)©;

    d.    Causing a probability of confusion or misunderstanding as to the legal rights, obligations, or remedies of a party to the transaction in violation of MCL §445.903(1)(n);

    e.    Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer in violation of MCL §445.903(1)(s); and

    f.    Taking advantage of the consumer's inability reasonably to protect his or her interest by reason of disability, illiteracy or inability to understand the language of the agreement presented by the other party to the transaction who knows or reasonably should know of the consumer's inability in violation of MCL §445.903(1)(x)

36.    The Plaintiffs are proper parties to bring this claim pursuant to MCL §445.911(2),(3).

WHEREFORE, Plaintiffs pray for an award in excess of $75,000.00 for each individual Plaintiff exclusive of costs, interest and attorney fees.

## COUNT V

### INFLICTION OF EMOTIONAL DISTRESS

37.    Plaintiffs restate and reallege paragraphs one through thirty-six as if set forth fully herein.

38.    As a direct and proximate result of the negligence of defendants, set forth above, the plaintiffs, Steve Conley and Nancy Conley, in their respective individual capacities, were caused to suffer extreme shock contemporaneous with the incident.

39.    The massive trauma suffered by J. C. is one that would ordinarily cause severe mental disturbances to these plaintiffs.

40. These plaintiffs are J. C.'s parents and are thus immediate family.

41. As a direct and proximate result of the shocked suffered fairly contemporaneous to the incident, plaintiffs, Steve Conley and Nancy Conley, have suffered actual physical manifestations from their emotional distress, including, but not limited to, the following:

    a. Sleep disturbance;

    b. Stomach upset;

    c. Anxiety; and

    d. Other sequella not yet diagnosed but which may be discovered.

WHEREFORE, Plaintiffs, Steve Conley and Nancy Conley, in their individual capacities, request this Court enter an award in excess of $75,000.00 for each individual plaintiff, exclusive of costs, interest and attorneys fees.

                                               LAW OFFICES OF BENNER & FORAN

                                               By:   s/  Brian J. Benner
                                               BRIAN J. BENNER (P25239)
                                               NANCY SAVAGEAU (P56546)
                                               Attorneys for Plaintiffs
                                             28116 Orchard Lake Road
                                             Farmington Hills, MI  48334
                                             248-737-5544/FAX: 248-737-5545
                                             bbenner@brianbennerlawfirm.com
                                             P25239

Dated: April 11, 2011

**JURY DEMAND**

Plaintiffs, by and through their attorneys, BENNER & FORAN, demand a trial by jury in the above-captioned matter.

                              LAW OFFICES OF BENNER & FORAN

                              By: _s/ Brian J. Benner_____
                              BRIAN J. BENNER (P25239)
                              NANCY SAVAGEAU (P56546)
                              Attorneys for Plaintiffs
                              28116 Orchard Lake Road
                              Farmington Hills, MI 48334
                              248-737-5544
                              bbenner@brianbennerlawfirm.com
                              P25239

Dated: April 11, 2011