UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Steve Conley, *et al*,

    Plaintiffs,

v.                                                                          Case No.: 11-11205
                                                                            Honorable Sean F. Cox

MLT, Inc., *et al*,

    Defendants.
_____/

## ORDER REGARDING SUPPLEMENTAL BRIEFING
## ON PLAINTIFFS' MOTION TO ADJOURN AND FOR DISCOVERY

On March 25, 2011, Plaintiffs Steve Conley, Nancy Conley, and their son J.C. (taken together, "Plaintifs"), filed this personal injury action against Defendants MLT Inc. ("MLT"), Diamond Hotels Cozumel ("Diamond"), Holiday Village White Sands ("Holiday Village"), Occidental Hotels Management B.V. ("Occidental B.V."), Occidental Hoteles Management S.L. ("Occidental S.L."), and Allegro Resorts Marketing Corporation ("Allegro").

In their First Amended Complaint, filed on April 11, 2011 (Doc. No. 5), Plaintiffs allege this Court has personal jurisdiction over all Defendants because Defendants fall within the scope of Michigan's long-arm statute, specifically MCL §600.715(1) – transacting any business within the state. Plaintiffs further allege that all Defendants are alter egos of each other.

On June 23, 2011, Allegro filed a motion to dismiss for lack of personal jurisdiction under FED. R. CIV. P. 12(b)(2), asserting that Allegro has not made any business transaction within the state of Michigan so as to subject it to Michigan's long-arm statute.

On September 16, 2011, Plaintiffs' filed a motion to adjourn the hearing on the pending

motions to dismiss and for extra time to respond to the motions to dismiss.  Plaintiffs also request an opportunity to conduct discovery, solely on the issue of personal jurisdiction, in order to gather information on its alter ego theory of personal jurisdiction.  Plaintiffs assert that they do not currently have enough information to establish its alter ego allegation, but suspect that Allegro, Occidental, and MLT acted as agents for Diamond, which is the resort where the injury occurred.

On October 27, 2011, the Court held a status conference with the attorneys for all parties.  After reviewing Plaintiffs' motion and after conferring with the parties, the Court has determined that supplemental briefing is necessary.

Accordingly, **IT IS ORDERED** that Plaintiffs shall file a supplemental brief to their motion to adjourn and for discovery, **no later than Thursday, November 10, 2011.**  Plaintiffs' supplemental brief must include a proposed set of specific interrogatories, as well as proposed notices of specific depositions to be served on Defendants.  The supplemental brief shall specify why Plaintiffs' interrogatories and notices of depositions are relevant to Defendants' motions to dismiss for lack of personal jurisdiction and Plaintiff's response.

The Court shall place Plaintiffs' motion to adjourn and for discovery in abeyance until it has reviewed Plaintiffs' supplemental brief.

**IT IS SO ORDERED.**

S/Sean F. Cox<br>
Sean F. Cox<br>
United States District Court

Dated:  November 2, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on

November 2, 2011, by electronic and/or ordinary mail.

                                                        S/Jennifer Hernandez
                                                        Case Manager