UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE CONLEY, NANCY CONLEY,
Individually and NANCY CONLEY
as NEXT FRIEND OF J. C., a Minor

Plaintiffs

v.

MLT, INC., a Minnesota corporation,
DIAMOND HOTELS COZUMEL S.A.
de C.V., a foreign corporation, HOLIDAY
VILLAGE WHITE SANDS S.A., a foreign
corporation, OCCIDENTAL HOTELS
MANAGEMENT B.V., a foreign corporation,
OCCIDENTAL HOTELES MANAGEMENT,
S.L., a foreign corporation, and ALLEGRO
RESORTS MARKETING CORPORATION,
a Florida corporation

        Defendants,

Case No. 2:11-cv-11205
Hon. Sean F. Cox
Magistrate Judge R. Steven Whalen

_____/

| | |
|---|---|
| LAW OFFICES OF BENNER & FORAN | EBONY L. DUFF (P65431) |
| BRIAN J. BENNER (P25239) | Attorney for Defendant MLT, Inc |
| NANCY SAVAGEAU (P56546) | 1000 Woodbridge Street |
| DAVID A. PRIEHS (P39606) | Detroit, MI 48207 |
| Attorneys for Plaintiffs | 313-446-5543/313-259-0450(fax) |
| 28116 Orchard Lake Road | |
| Farmington Hills, MI 48334 | WILLIAM J. CREMER |
| 248-737-5544/248-737-5545(fax) | JOSHUA D. YEAGER |
| | CREMER, SPINA, SHAUGHNESSY, |
| ANTHONY J. CALATI (P34994) | JANESEN & SIEGERT, LLC |
| Attorney for Allegro Resorts Marketing | Counsel for Defendant Occidental Hotels |
| 333 W. Fort Street, Suite 1600 | 180 North LaSalle Street Suite 3300 |
| Detroit, MI 48226 | Chicago, IL 60601 |
| 313-965-6100/313-731-0410(fax) | 312-726-3800 |

_____/

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION TO ADJOURN HEARINGS ON DEFENDANTS' MOTIONS
FOR SUMMARY JUDGEMENT FOR LACK OF PERSONAL JURISDICTION**

# TABLE OF CONTENTS

|   | Page No. |
|---|---|
| INDEX OF AUTHORITIES | iii |
| STATEMENT OF ISSUES PRESENTED | iv |
| CONTROLLING AUTHORITY | v |
| INTRODUCTION | 1 |
| FACTUAL BACKGROUND | 1 |
| ARGUMENT | 3 |
|     I.    Plaintiff's Proposed Discovery Addresses the Defendants' Contacts with the State of Michigan and Should be Permitted |  |
| CONCLUSION | 7 |

## INDEX OF AUTHORITIES

**Federal Court Cases**                                                                                                                       **Page No.**

*Burger King Corp. v. Rudzewicz*, 47 U.S. 462, 105 S.Ct.                       3,4

*Southern Mach. Co. v. Mohasco Indus.*, 401 F.2d 374, 382 (6th Cir. 1968).     4

*Tobin v. Astra Pharm. Prods., Inc.*, 993 F.2d 528 (6th Cir. 1993)                      4

*Perkins v. Benquet Consolidated Mining Co.*, 342 U.S. 437 (1957)                  5

*Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.* Ltd, 91 F.3d 790 (6th Cir. 1996)    4

*Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.d 427 (6th Cir. 2003)     3,4,5

*Zippo Mfg. Co., v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D. Pa. 1997)        5

*Compuserve, Inc. v. Patterson,* 89 F.3d 1257 (6th Cir. 1996)                             3,4

*Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002)             6

*Bird v. Parsons*, 289 F.3d 865 (6th Cir. 2002)                                            4,5

*The Cadle Co. v. Schlichtmann*, 123 Fed. Appx. 675, 2005
Fed. App. 0095N (6th Cir. 2005)                                                                  5

*See, Inc. v. Imago Eyeweaqr Pty, Ltd.*, 167 Fed. Appx. 518, 2006
Fed. App. 0117N (6th Cir. 2006)                                                                  6

*Mich. Nat'l. Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir. 1989)       4,5

## STATEMENT OF ISSUES PRESENTED

I. **DOES THE DISCOVERY PROPOSED BY PLAINTIFF COMPORT WITH THE INSTRUCTIONS OF THE COURT GIVEN AT THE OCT. 27, 2011 STATUS CONFERENCE?**

    Plaintiffs answer:               Yes
    Defendants' anticipated answer:    Yes

## CONTROLLING AUTHORITY

*Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002)

*Bird v. Parsons*, 289 F.3d 865 (6th Cir. 2002)

*The Cadle Co. v. Schlichtmann,* 123 Fed. Appx. 675, 2005 Fed. App. 0095N (6th Cir. 2005)

## INTRODUCTION

The minor plaintiff suffered a skull fracture and serious brain damage when a hammock at a resort in Cozumel, Mexico where he was staying with his parents collapsed.  (see photos attached as Exhibit A) Plaintiffs had selected and purchased a vacation at this particular resort after viewing resorts on a web site with the domain name "Occidental Hotels.com".  There are at least nine Occidental Hotels resorts advertised on the Occidental web site.  It is a fully interactive web site, permitting customers to complete their purchase of all inclusive resort vacation through submission of credit card information via the web site.  Review of the web site left no doubt in the plaintiff's mind that Occidental Hotels operated the hotels advertised on the web site.  Defendants' web site includes the following:

> **Occidental Hotels & Resorts, with 46 hotels in 31 destinations in 8 countries**, throughout Europe, Africa and the Americas, is one of the innovative leaders in the industry.
>
> . . . . . . . . . .
>
> **Occidental Hotels & Resorts offers the finest all-inclusive resorts in Mexico**, the Caribbean and Costa Rica as well as exquisite city hotels in for the business traveler with exceptional service and dining options. Depending on your destination you can select from four distinct brands, based on your lifestyle. In the leisure market, choose from the sophisticated luxury at the Royal Hideaway, or the diverse sanctuaries in exceptional settings at the Occidental Grand or family-friendly getaways at Allegro resorts. **When it comes to our hotels & resorts, you will receive the Occidental promise of uncompromising quality and service.** (emphasis added)
> (see excerpts from the web site attached as Exhibit B)

Plaintiffs filed their First Amended Complaint alleging negligence against six defendants. Two of the defendants (Diamond Hotels Cozumel S.A. de C.V. and Village White Sands S.A.) are corporations incorporated in Mexico.  Service of process has not been confirmed on either.  The Occidental defendants are also foreign. Occidental Hotel Management, B.V. (hereinafter OHMBV) is a Dutch corporation and Occidental Hotel Management, S.L. (hereinafter OHMSL) is a Spanish

1

corporation. Defendant Allegro Resort Management Corporation (hereinafter Allegro) is a Florida corporation of which OHMBV owns 100% of the stock. All of Allegro's corporate officers are also corporate officers of OHMSL.

As their names imply, the Occidental defendants are in the business of managing hotels/resorts, most of them in the Caribbean. It is not surprising that the defendant's business does not rely upon walk-in customers from the citizenry of Mexico, the Dominican Republic, Costa Rica and the other locales where the defendants' properties are located. The life blood of the Caribbean resort industry is the American tourist/consumer. Without direct, aggressive marketing to the U.S. market the resorts simply could not exist. Plaintiff contends that nearly 100% of the business at the defendant's properties is compromised of the American consumer to whom the above described web site is directed. By their own admission, the Occidental defendants' marketing is handled through Allegro (page 10 of OHMBV's Brief in Support of Motion for Summary Disposition), the Florida corporation of which OHMBV owns 100% of the stock and which shares corporate officers with OHMSL.

The defendants OHMBV and Allegro have brought motions for summary judgment for lack of personal jurisdiction. They argue that, as large corporations which earn virtually all of their many millions of dollars of revenue from American customers, they do not have sufficient contacts with Michigan, or any other state for that matter, to permit them to be answerable here for their acts of negligence. Of course, if plaintiffs and other U.S. customers are unable to bring their claims in their own states, but are forced to litigate in Mexico, they will have no recourse. The plaintiffs in this case and virtually all others have neither the sophistication nor the resources to hire local counsel in foreign countries to pursue their claims.

2

In response to the motions for summary judgment plaintiff filed her Motion to Adjourn Hearings on Defendants' Motions for Summary Judgment to permit discovery on the issue of personal jurisdiction. This court adjourned the Oct. 27, 2011 hearings on the pending motions for summary disposition and ordered counsel to appear for a status conference. At that conference the court ordered plaintiff to submit a supplemental brief in support of her Motion to Adjourn Hearings on Defendants' Motions for Summary Judgment and to attach proposed interrogatories, document requests and notices of deposition. This Supplemental Brief is submitted in compliance with that order. Attached as Exhibit C is Plaintiff's Proposed Personal Jurisdiction Interrogatories, Document Requests and Notices of Deposition to Occidental Hotels Management B.V. Attached as Exhibit D are Plaintiff's Proposed Personal Jurisdiction Interrogatories, Document Requests and Notices of Deposition to Allegro Resorts Marketing, Inc. Exhibit E is a Document Request and Notice of Deposition directed to defendant MLT, Inc.

## ARGUMENT

A.  Interrogatories

The interrogatories proposed by the plaintiff are designed to specifically address factors recognized by appellate authority as relevant in determining whether the minimum contacts sufficient to sustain personal jurisdiction are present.

**Interrogatories 1-11**: These interrogatories seek information regarding the defendant's contacts with the State of Michigan. Each of the topics inquired of had been held to be a factor in determining the existence of minimum contacts with a forum jurisdiction. The number and nature of contracts a defendant has entered into with persons and entities in the forum state is consistently found relevant to the inquiry. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985); *Compuserve, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996); *Bridgeport Music, Inc. v. Still N The Water Pub*.,

3

327 F.d 427 (6th Cir. 2003); *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co. Ltd,* 91 F.3d 790 (6th Cir. 1996)  Though a physical presence in the forum state is not required to establish purposeful availment, the maintenance of an office, owned or rented, or other physical presence will support such a finding.  *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1957).

Likewise the volume of sales made in the forum state over time and its relationship to the defendant's total sales are relevant to characterizing the defendant's relationship with the forum.  *Mich. Nat'l. Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir. 1989); *Bird v. Parsons*, 289 F.3d 865 (6th Cir. 2002); *Compuserve, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996).

A defendant's marketing efforts directed to the residents of the forum state are particularly germane to the issue of personal jurisdiction.  The Supreme Court stated in *Burger King Corp. v. Rudzewicz,* 47 U.S. 462, 105 S.Ct. , "So long as a commercial actor's efforts are `purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." *Id*. at 476, 105 S.Ct. at 2184.   The Sixth Circuit has long held that "Physical presence of an agent is not necessary ... for the transaction of business in a state. The soliciting of insurance by mail, the transmission of radio broadcasts into a state, and the sending of magazines and newspapers into a state to be sold there by independent contractors are all accomplished without the physical presence of an agent; yet all have been held to constitute the transaction of business in a state". *Southern Mach. Co. v. Mohasco Indus*., 401 F.2d 374, 382 (6th Cir. 1968).  The 6th Circuit has specifically held that a defendant's marketing efforts may alone constitute purposeful availmentof the privilege of acting in the forum state.  *Mich. Nat'l. Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir. 1989); *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.d 427 (6th Cir. 2003)  The defendants' marketing in Michigan is also revealed in its effort to recruit travel agents into its travel agent programs.

4

**Interrogatories 12-26:** These interrogatories seek information regarding the relationships among the defendants. An aspect of the defendants' inter-relationships which is relevant to the jurisdictional inquiry is the nature of their marketing agreements. It has long been held that the defendant's conscious undertaking to market in a state constitutes purposeful availment of the benefits of doing business in the state. *Mich. Nat'l. Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir. 1989); *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.d 427 (6th Cir. 2003).

As stated above, the Occidental defendants' marketing is handled through Allegro (page 10 of OHMBV's Brief in Support of Motion for Summary Disposition), the Florida corporation of which OHMBV owns 100% of the stock and which shares corporate officers with OHMSL. That admission makes discovery on the marketing issue all the more relevant. A defendant cannot insulate itself from jurisdiction merely by using an independent national distributor to market its products. *Tobin v. Astra Pharm. Prods., Inc*., 993 F.2d 528 (6th Cir. 1993).

Plaintiff has alleged that all of the defendants were part of a common operation or joint enterprise, and were agents and alter egos each of the others. [D.E. 1, para. 13] The activities of one, including those establishing minimum contacts with the State of Michigan, are attributable to all.

**Interrogatories 27-28**: These interrogatories are designed to elicit information regarding the defendants' internet marketing which has been held relevant to establishing personal jurisdiction. Operation of a web site may constitute purposeful availment of the benefits of conducting business in the forum state. *Bird v. Parsons*, 289 F.3d 865 (6th Cir. 2002); *The Cadle Co. v. Schlichtmann*, 123 Fed. Appx. 675, 2005 Fed. App. 0095N (6th Cir. 2005). The Sixth Circuit has adopted the "sliding scale" assessment of a defendants internet activity enunciated in *Zippo Mfg. Co., v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 (W.D. Pa. 1997). Under that analysis the likelihood that personal

jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity which an entity conducts over the Internet. Passive sites which are merely sources of information are unlikely to rise to the level of purposeful availment. Web sites which are fully interactive to the point of consummating transactions resulting in significant commercial sales within the forum state are essentially web based stores. Such fully interactive web sites do establish a defendant's purposeful availment. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002).

**Proposed Requests for Production**

The Proposed Requests for Production seek production of the documents identified in response to the interrogatories described above. They further the determination of personal jurisdiction for the same reasons.

**Proposed Notices of Deposition**

The proposed Notice of Deposition directed to Allegro for the production of three witnesses. The two who are specifically identified are known to be officers of both defendant Allegro Resorts Marketing Corp and defendant OHMSL. It is believed that they will be able to describe the relationships between the defendants and the marketing efforts directed to the State of Michigan.

Also included are 30(b)(6) notices for the depositions of two witnesses to be designated by each of the defendants Allegro and OHMBV. One witness is to be the person most knowledgeable regarding the defendant's relationship with co-defendants. The other is the person most knowledgeable regarding the marketing of the defendants' hotel properties. Plaintiff is hopeful that the specifically named individuals will in fact be the most knowledgeable on these issues. Since both specifically named witnesses are corporate officers of Allegro, a Florida corporation, it is anticipated that all of the depositions can be accomplished with one brief visit to that state.

Plaintiff has also included a 30(b)(6) Notice of Deposition directed to defendant MLT, Inc. The notice directs the defendant to produce the person most knowledgeable regarding contractual relationships between MLT, Inc. and the co-defendants.

## CONCLUSION

For the reasons stated above plaintiffs request that this Court permit the discovery requested herein on the issue of personal jurisdiction.

|  |  |
|---|---|
|  | By /s/ David A. Priehs (P39606)<br>LAW OFFICES OF BENNER & FORAN<br>BRIAN J. BENNER (P25239)<br>DAVID A PRIEHS (P39606)<br>Attorneys for Plaintiff<br>28116 Orchard Lake Road<br>Farmington Hills, MI 48334-3737<br>248-737-5544/Fax 248-737-5544 |
| Dated:  November 10, 2011 | dap@dpriehspc.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of November, 2011 my secretary, Beverly A. Gorton, electronically filed the foregoing Plaintiffs' Supplemental Brief in Support of Plaintiff's Motion to Adjourn Hearings On Defendants' Motions For Summary Judgement for Lack of Personal Jurisdiction with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

|  |  |
|---|---|
|  | By /s/ David A. Priehs (P39606) |
|  | LAW OFFICES OF BENNER & FORAN |
|  | BRIAN J. BENNER (P25239) |
|  | DAVID A PRIEHS (P39606) |
|  | Attorneys for Plaintiff |
|  | 28116 Orchard Lake Road |
|  | Farmington Hills, MI 48334-3737 |
|  | 248-737-5544/Fax 248-737-5544 |
| Dated: November 10, 2011 | dap@dpriehspc.com |