UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Steve Conley, *et al*,

    Plaintiffs,

v.                                                                                          Case No.: 11-11205
                                                                                                     Honorable Sean F. Cox

MLT, Inc., *et al*,

    Defendants.

_____/

OPINION & ORDER GRANTING PLAINTIFFS'
MOTION TO ADJOURN AND FOR DISCOVERY

On March 25, 2011, Plaintiffs Steve Conley, Nancy Conley, and their son, J.C. (taken together, "Plaintiffs"), filed this personal injury action against Defendants MLT Inc. ("MLT"), Diamond Hotels Cozumel ("Diamond"), Holiday Village White Sands ("Holiday Village"), Occidental Hotels Management B.V. ("Occidental B.V."), Occidental Hoteles Management S.L. ("Occidental S.L."), and Allegro Resorts Marketing Corporation ("Allegro"). The matter is currently before the Court on Plaintiffs' motion to adjourn hearings on pending motions to dismiss and for discovery. The parties have briefed the issues and the Court has held two status conferences on the matter. For the reasons set forth below, the Court shall also GRANT Plaintiff's motion to adjourn and for limited discovery.

BACKGROUND

In September of 2008, Plaintiff Nancy Conley booked a vacation package from Northwest World Vacations/MLT via a travel agency located in Michigan. (Conley Affidavit at ¶ 2). Prior to booking the hotel reservations, Plaintiffs were directed by their travel agency to the

1

website OccidentalHotels.com to select a resort at which to vacation.  After reviewing Occidental's website, Plaintiffs selected the Diamond Hotels Cozumel and/or Holiday Village resort in Cozumel, Mexico.  Plaintiffs booked their Northwest World Vacations/MLT vacation based upon the resort's designation on Occidental's website as a Northwest World Vacation.

The action arises out of an incident that occurred on April 11, 2009, while Plaintiffs were staying at the Diamond Hotels Cozumel and/or Holiday Village resort.  J.C. was seriously injured when one of the support poles of the hammock upon which he was laying broke, causing him to fall and suffer serious head injuries.  J.C. fractured his skull and was subsequently airlifted from Cozumel, Mexico to Broward County, Florida, where he underwent emergency surgery.

Plaintiffs filed their First Amended Complaint on April 11, 2011 (Doc. No. 5), alleging this Court has personal jurisdiction over all Defendants because Defendants fall within the scope of Michigan's long-arm statute, specifically MCL §600.715(1) – transacting any business within the state.  Plaintiffs contend that Defendants have availed themselves in Michigan through their sales and marketing efforts to citizens of Michigan.  Plaintiffs further allege that the Defendants are alter egos of each other.

On June 23, 2011, Allegro filed a motion to dismiss for lack of personal jurisdiction under FED. R. CIV. P. 12(b)(2), asserting that Allegro has not made any business transaction within the state of Michigan so as to subject it to Michigan's long-arm statute.  (Doc. No. 14). On September 7, 2011, Occidental B.V., a Dutch holding company and the parent corporation of Allegro, also filed a motion to dismiss for lack of personal jurisdiction, asserting many of the same grounds for dismissal as Allegro.  (Doc. No. 18).  Later, on November 15, 2011,

Occidental S.L., a Spanish company, filed its own motion to dismiss for lack of personal jurisdiction. (Doc. No. 28).

To date, Plaintiffs have responded only to Occidental B.V.'s motion to dismiss. (Doc. No. 25).

On September 16, 2011, Plaintiffs' filed a motion to adjourn the hearing on the pending motions to dismiss and for extra time to respond to the motions to dismiss. (Doc. No. 24). Plaintiffs also request an opportunity to conduct discovery, solely on the issue of personal jurisdiction, in order to gather information on their alter ego theory of personal jurisdiction. Plaintiffs assert that they do not currently have enough information to establish their alter ego allegation, but suspect that Allegro, Occidental, and MLT acted as agents for Diamond, which is the resort where the injury occurred.

On October 27, 2011, the Court held a status conference with the attorneys for all parties. On November 2, 2011, after reviewing Plaintiffs' motion to adjourn and for discovery, and after conferring with the parties, the Court ordered Plaintiffs to submit a supplemental brief. The supplemental brief was to include a proposed set of specific interrogatories, as well as proposed notices of specific depositions to be served upon Defendants. The supplemental brief was to also specify why Plaintiffs' interrogatories and notices of depositions are relevant to Defendants' motions to dismiss for lack of personal jurisdiction and Plaintiff's response.

Plaintiffs submitted their supplemental brief in accordance with the Court's November 2, 2011 Order. In support, Plaintiffs attached proposed notices of taking depositions duces tecum of an employee most knowledgeable regarding contracts and business relationships between the co-Defendants, as well as proposed interrogatories and proposed requests for production of

3

documents regarding Plaintiff's interrogatories. These interrogatories, notices, and requests are directed toward Occidental Hotels Management B.V. (Exhibit C), Allegro Resorts Marketing Corporation (Exhibit D), and MLT, Inc. (Exhibit E). The interrogatories to all the Defendants appear to be identical in substance.

After reviewing Plaintiffs' supplemental brief, the Court held another status conference on December 12, 2011. All parties were present at the status conference.

## ANALYSIS

Plaintiffs alleged the following three claims in their complaint: Count I – Negligence; Count II – Violation of the Michigan Consumer Protection Act, M.C.L. §445.901, *et seq.*; and Count III – Infliction of Emotional Distress. It is Plaintiffs' position that "the Occidental Hotels and Resort Defendants are the owners, operators and/or control and/or maintain the premises of Diamond Hotels Cozumel and/or Holiday Village located in Cozumel, Mexico. (Complaint at ¶ 9).

In their motion, Defendants assert a number of grounds for dismissal of Plaintiffs' complaint. As an initial matter, Occidental B.V. states that it is "strictly a holding company," and not an operating company, and has "never been responsible for employing, supervising, or otherwise controlling any of the management or staff of the subject resort in Cozumel, Mexico." (Def's Br., at 2). Additionally, all Defendants contend that they lack sufficient minimum contacts with the State of Michigan, such that the exercise of personal jurisdiction by this Court would violate due process. Defendants further state that they have not purposefully availed themselves of the privilege of conducting business on Michigan.

Plaintiffs, however, assert that Defendants have purposefully availed themselves of the

benefits of doing business in Michigan, and suspect that Defendants have directed their marketing and sales efforts toward residents in Michigan. Moreover, Plaintiffs allege that Defendants are agents or alter egos of one another, such that personal jurisdiction over one Defendant would, in turn, create personal jurisdiction over all Defendants.

The Court finds that limited discovery between the parties is necessary to determine whether this Court has personal jurisdiction over Occidental B.V., Occidental S.L., and Allegro. There are relevant issues to personal jurisdiction that may be clarified via interrogatories, production of documents, and the deposition testimony of certain officers of Defendants. One such issue is whether an agency relationship exists between MLT, Occidental B.V., Occidental S.L., and Allegro. Of additional significance is the extent of the Occidental Defendants' and Allegro's sales to, and marketing efforts directed toward, Michigan residents through the website OccidentalHotels.com, or otherwise.

## CONCLUSION

Accordingly, IT IS ORDERED that Plaintiffs' motion to adjourn hearings on pending motions to dismiss and for discovery (D.E. No. 22) is GRANTED.

After reviewing the proposed interrogatories, proposed requests for production of documents, and proposed notices of depositions submitted by Plaintiffs, IT IS FURTHER ORDERED that Plaintiffs may conduct the following limited discovery:

1) Plaintiffs shall serve upon Occidental Hotels Management B.V., MLT Inc., and Allegro Resorts Marketing Corporation Notices of Taking Deposition Duces Tecum of Gregoria De Diego and Juan Garnica, or two of the Occidental Hotels Management B.V., MLT Inc., and Allegro Resorts Marketing Corporation's representatives most knowledgeable of past and

present contractual and business relationships between Occidental Hotels Management B.V., MLT Inc., and Allegro Resorts Marketing Corporation, or most knowledgeable of past and present marketing of Occidental Hotels and Resorts.  Plaintiffs are limited to no more than two depositions of those individuals designated by Occidental Hotels Management B.V., MLT Inc., and Allegro Resorts Marketing Corporation.

2) Defendants must produce Gregoria De Diego and Juan Garnica, or the two individuals otherwise designated by Occidental Hotels Management B.V., MLT Inc., and Allegro Resorts Marketing Corporation, to be deposed **no later than February 10, 2012.**

3) Plaintiffs may serve upon Defendants those Interrogatories and Requests for Production of Documents presented to the Court with their Supplemental Brief filed on September 20, 2011, with the following limitations:

> a) Interrogatories and Requests for Production of Documents may only seek information and documents dating back to January 1, 2005.
>
> b) For those Interrogatories that request information regarding contracts entered into by or on behalf of Defendants with persons and/or entities residing in Michigan (Interrogatories #3, #4, #5), if those contracts are merely transactions for hotel/resort reservations, Defendants need not identify each individual contract, party, or terms of the contract.  Defendants shall only provide the total number of transactions for hotel/resort reservations involving Michigan residents from January 1, 2005 to the present.

IT IS FURTHER ORDERED that Defendants must respond to Plaintiffs' Interrogatories and produce the requested documents **no later than February 10, 2012.**

IT IS FURTHER ORDERED that Plaintiffs must file response briefs to all pending motions to dismiss (D.E. Nos. 14, 18, and 28) **no later than February 24, 2012.** Plaintiffs may also file a supplemental response brief to Occidental B.V.'s motion to dismiss (D.E. No. 18) **no later than February 24, 2012.**

IT IS FURTHER ORDERED that Defendants may file reply briefs in support of their motions to dismiss **no later than March 9, 2012.**

IT IS SO ORDERED.

                                                  S/Sean F. Cox
                                                  SEAN F. COX
                                                  UNITED STATES DISTRICT JUDGE

Dated: December 30, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 30, 2011, by electronic and/or ordinary mail.

                                                  S/Jennifer Hernandez
                                                  Case Manager

.